United States District Court
Southern District of Texas
**ENTERED**
February 02, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Estates at Kirby Limited Partnership, § § § § *Plaintiff,* § § v. § § Nola Poboys Texas LLC, § Christopher Talley, Jennifer § Talley, and Murray Tate, § § *Defendants.* | Case No. 4:22-cv-01404 |

# MEMORANDUM AND RECOMMENDATION

Defendants Nola Poboys Texas LLC, Christopher Talley, Jennifer Talley, and Murry Tate (collectively, "Defendants") filed two motions to dismiss this case, asserting that the claims asserted by Plaintiff Estates at Kirby Limited Partnerships ("Plaintiff") are barred by res judicata. Dkts. 12, 19. The case was then referred to the undersigned judge. Dkt. 20. After carefully considering the motions, response, Dkt. 13, and reply, Dkt. 14, and the applicable law, it is recommended that the motions be denied.

## Background

This is a breach of contract dispute. According to the allegations, Domain at Kirby, LLC leased a shopping center to Defendant Nola Poboys Texas, LLC ("Nola Poboys") in October 2016. Dkt. 1-1 ¶ 15. Defendants

Christopher Talley, Jennifer Talley, and Murray Tate signed agreements guaranteeing Nola Poboys' obligations under the lease. *Id.* ¶ 16.

Around December 22, 2016, Domain at Kirby conveyed the shopping center to Plaintiff. *Id.* ¶ 17. In December 2017, Nola Poboys fell behind on lease payments, leading Plaintiff to send a notice of default. *Id.* ¶ 19.

In October 2018, Domain at Kirby filed a state court suit asserting that Nola Poboys failed to pay amounts due under the lease, and that the Talleys and Tate had filed to meet their guarantee obligations. Dkt. 12-2. Defendants removed the suit to federal court. Dkt. 12-3.

On September 18, 2019, the parties filed a "Stipulation of Dismissal" under Rule 41(a)(1)(A)(ii). Dkt. 13-1. The stipulation, signed by counsel for all parties, explicitly states: "This dismissal is without prejudice." *Id.* at 2. Two days later, however, on September 20, 2019, the district court entered a "Conditional Order of Dismissal" noting that the case is dismissed with prejudice—but with a caveat: "The claims will be **DISMISSED WITH PREJUDICE** sixty (60) days after the entry of this Order unless any party moves for reinstatement or an extension of the condition dismissal period before that date." Dkt. 13-2. None of the parties asked the court to reinstate the case. They also did not ask the court to modify or vacate the order, nor did they appeal it.

On November 9, 2021, Plaintiff brought this suit in state court against the same Defendants, seeking recovery of unpaid amounts under the same lease and guarantee agreements. Dkt. 1-1 at 1, 3-4. Defendants timely removed the case to this Court, Dkt. 1, and then moved to dismiss Plaintiff's claims based on *res judicata*, Dkts. 12, 19. Plaintiff filed a response, Dkt. 13, to which certain Defendants filed a reply, Dkt. 14. The motion is ripe for resolution.

## **Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and alteration omitted).

An affirmative defense can also provide grounds for dismissal under Rule 12(b)(6) if the defense is established on the face of the pleadings. *See Kansa*

*Reinsurance Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994). When conducting this inquiry, the Court can consider documents referenced and incorporated in the complaint and any facts for which judicial notice is appropriate. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (affirming judicial notice of publicly available documents containing matters of public record when resolving Rule 12(b)(6) motion).

## Analysis

Defendants' motions to dismiss assert that Plaintiff's claims are barred by res judicata because of Domain at Kirby's prior suit. In the first suit, the court mistakenly entered an order dismissing the case with prejudice, even though the parties had already filed a stipulation dismissing it without prejudice. The question is whether that court order bars Plaintiff's subsequent suit—as Domain at Kirby's successor—two years after the fact. As explained below, the Court concludes the answer is no.

Res judicata has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005); *see also* Dkt. 12 at 4 (citing this standard); Dkt. 13 at 5 (same). Elements one and four are undisputed. Plaintiff admits that it is in privity with Domain at Kirby,

4

as successor to Domain at Kirby's interests in the property, lease, and guarantee underlying the original suit. Dkt. 13 at 2 (asserting that Domain at Kirby conveyed the premises and assigned the agreements to Plaintiff); *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 188 (5th Cir. 1990) ("A non-party is in privity with a party for res judicata purposes ... if he is a successor in interest to the party's interest in the property."). Plaintiff's claims also arise out of the same transaction as those previously asserted by Domain at Kirby, as both suits seek recovery of unpaid amounts under the same agreements for the same leased premises.[1] *Compare* Dkt. 12-2 ¶¶ 11, 15, 17, *with* Dkt. 1-1 ¶¶ 13, 20, 22; *see Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004) ("[T]he preclusive effect of a prior judgment extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.") (internal quotation marks omitted).

---

[1] The Court grants the parties' request to take judicial notice of filings from that prior suit. Dkt. 12 at 4; Dkt. 13 at 4; *see Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 410-11 (5th Cir. 2010) (authorizing courts to "take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom") (internal quotation marks omitted); *Hall v. Hodgkins*, 2008 WL 972695, at *2 (E.D. Tex. Apr. 8, 2008) (taking judicial notice of prior suit to resolve res judicata defense at Rule 12(b)(6) stage), *aff'd*, 305 F. App'x 224 (5th Cir. 2008) ("[I]t is clearly proper in deciding a 12(b)(6)motion to take judicial notice of matters of public record.") (internal quotation marks omitted).

5

The debate thus surrounds the remaining two requirements: whether the prior order dismissing Domain at Kirby's claims was rendered by a court of competent jurisdiction, and whether that action was concluded by a final judgment on the merits. *See Singh*, 428 F.3d at 571. In that prior case, the parties had filed a joint stipulation under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) dismissing the case without prejudice. Dkt. 13-1. Two days later, the district court entered a September 20, 2019 order (the "2019 Order") stating that the case would be dismissed "WITH PREJUDICE" unless a party moved for reinstatement within the ensuing 60 days. Dkt. 12-4. Neither Domain at Kirby nor any defendant sought reinstatement of the case. On its face, the 2019 Order thus became a final judgment on the merits. *See Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (noting that "the district court's dismissal of the case with prejudice was a final judgment on the merits" for res judicata purposes).

But Plaintiff contends that the district court lacked jurisdiction to enter the 2019 Order. Settled law holds that the parties' Rule 41(a)(1)(A)(ii) stipulation of dismissal automatically ended the case. *Meinecke v. H&R Block of Hous.*, 66 F.3d 77, 82 (5th Cir. 1995) (per curiam) (explaining that these types of "stipulations take effect when *filed* and do not require an order of the court") (emphasis in original). More importantly, as the Fifth Circuit has held, the parties' filing of a Rule 41(a)(1)(A)(ii) stipulation "strip[ped] the court of

6

subject-matter jurisdiction over the dismissed action," *Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020), making the 2019 Order a nullity, *see Meinecke*, 66 F.3d at 82 (holding that district court order approving dismissal of a Rule 41(a)(i)(A)(ii) was "of no consequence" and subsequent summary judgment order was "void"); *see also In re W. Tex. Mktg. Corp.*, 12 F.3d 497, 501 (5th Cir. 1994) ('[W]hen the parties voluntarily agreed to a dismissal, under Federal Rule of Civil procedure 41(a)(1)(ii) and under the case law of this circuit, any further actions by the court were superfluous.").

Defendants do not (and cannot) dispute that the 2019 Order is void for lack of jurisdiction—decades-long binding precedent makes that clear. Instead, they invoke the general rule that prior jurisdictional determinations—even if erroneous—are not subject to collateral attack. *See* Dkt. 14 at 2-4; *Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378 (1940); *see also, e.g.*, *Ins. Corp. of Ir. Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982) (citing *Chicot Cnty.*). It has also been stated that a prior judgment is conclusive even if "the issue of subject matter jurisdiction has not been raised and determined." *United States v. Chambers*, 922 F.2d 228, 239 (5th Cir. 1991) (internal quotation marks omitted). As the Fifth Circuit put it, "[t]he question is not whether the issue of subject matter [jurisdiction] was actually litigated, but instead whether the parties had the opportunity to raise the question. If the parties against whom judgment was

7

rendered did not appeal, the judgment becomes final and the court's subject matter jurisdiction is insulated from collateral attack." *Royal Ins. Co. of Am. v. Quinn-L Cap. Corp.*, 960 F.2d 1286, 1293 (5th Cir. 1992) (internal citation omitted). This is true even if the party bringing that attack was just an assignee of a party to the original suit. *See id.* at 1293 n.7.

Notwithstanding these broad pronouncements, the Fifth Circuit has recognized a limited exception to the finality of prior judgments, at least when a party seeks relief from a void judgment under Federal Rule of Civil Procedure 60(b)(4). As reflected in Defendants' cited authority, Dkt. 14 at 2, 4, such relief is available for judgments evincing a "clear usurpation of power or total want of jurisdiction." *Picco v. Glob. Marine Drilling Co.*, 900 F.2d 846, 850 n.6 (5th Cir. 1990) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986) and finding this exception was not met); *accord United States v. Hall*, 183 F. App'x 472, 473 (5th Cir. 2006) (per curiam) (noting but finding the exception was not satisfied because "the jurisdictional question was not evident or settled" before the prior judgment was entered); *Winograd v. Fowler*, 1999 WL 499565, at *2 (5th Cir. 1999) (per curiam) (quoting *Picco* for this principle); Dkt. 14 at 2, (citing *Picco* and *Winograd*); *see also Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003).

More recently, the Fifth Circuit applied this exception to affirm a district court's order granting Rule 60(b)(4) relief from a void judgment rendered

8

without subject-matter jurisdiction. *Mitchell Law Firm, L.P. v. Bessie Jeanne Worthy Revocable Trust*, 8 F.4th 417, 420 (5th Cir. 2021). There, the parties to the suit were both citizens of the same state, which negated subject-matter jurisdiction under 28 U.S.C. § 1332. *Id.* at 422. In the Fifth Circuit's words, "[t]he district court's lack of subject-matter jurisdiction obviously robbed its judgment of preclusive effect." *Id.* (citing Restatement (Second) of Judgments §§ 11-12 (1982)).

The *Mitchell* decision relied in part on *Brumfield v. Louisiana State Board of Education*, 806 F.3d 289 (5th Cir. 2015), which held that a prior order was void—warranting Rule 60(b)(4) relief—because the district court had exceeded its authority by entering it. *See Brumfield*, 806 F.3d at 298. The issue in *Brumfield* was whether the district court had exceeded its authority by entering orders that purported to enforce a decades-old injunction. *Id.* Concluding the answer was yes, the Fifth Circuit held that the order "was so affected by fundamental infirmity" that it could properly be characterized as void even though the district court had subject matter jurisdiction over the underlying case. *Id.* at 301, 303 (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010), and disagreeing with the dissent's position that "Rule 60(b)(4) is limited to cases where the lower court lacked jurisdiction over the subject matter or the parties").

9

The Fifth Circuit's decisions upending judgments or orders under Rule 60(b)(4) when jurisdiction was plainly or fundamentally lacking—rendering them void—signal that the same narrow exception should govern finality for res judicata purposes. To be sure, there are differences between a party's Rule 60(b)(4) challenge to a void judgment and a party's (or its privy's) attempt to void the same judgment by filing a second suit. But the Fifth Circuit has held that "there is no time limit on Rule 60(b)(4) motions," so "the mere passage of time cannot convert an absolutely void judgment into a valid one." *Jackson v. FIE Corp.*, 302 F.3d 515, 523 & n.23 (5th Cir. 2002). Defendants offer no principled reason why the same should not be true when determining a judgment's preclusive effect.

Moreover, both avenues attack the finality of prior judgments and implicate similar policy concerns. And both frameworks invite similar inquiries: whereas Rule 60(b)(4) provides relief from "void" judgments, res judicata principles direct a court to determine if the prior judgment was "rendered by a court of competent jurisdiction," *Test Masters Educ. Servs.*, 428 F.3d at 571. If a prior judgment or order is so obviously lacking jurisdiction that it could be voided under Rule 60(b)(4), then proceeding to give it preclusive effect anyway would be an anomalous result.

The contrary statements from Defendants' cases, including *Chico County* and *Royal Insurance Co. of America*, do not foreclose extending Rule 60(b)(4)'s

limited exception to the res judicata context. There is no indication that any of those decisions grappled with judgments that lacked even an arguable basis for jurisdiction when they were entered, such that they were not merely erroneous, but were plainly void.[2]

Moreover, the Fifth Circuit's Rule 60(b)(4) decision in *Mitchell*, 8 F.4th at 420, linked its analysis to broader principles in the Restatement (Second) of Judgments. The Restatement itself recognizes that a judgment lacks preclusive effect if it was "plainly beyond the court's jurisdiction" such that "entertaining the action was a manifest abuse of authority ...." Restatement (Second) of Judgments § 12(1); *see also Chambers*, 922 F.2d at 239 (quoting this exception). Under those circumstances, the interests in enforcing a jurisdictional rule can override the "possibly superfluous vindication of the

---

[2] *See Chico Cnty.*, 308 U.S. at 373-74 (addressing contention that a subsequent Supreme Court decision invalidating the statute under which the district court had acted likewise invalidated the district court's prior judgment); *Grubb v. Pub. Utils. Comm'n of Ohio*, 281 U.S. 470, 477-78 (1930) (rejecting contentions that Commerce Clause divested state court of jurisdiction, that filing of second suit in federal court wholly divested the state court of jurisdiction, and that the underlying statutes did not grant the state court jurisdiction to review the administrative decision being challenged; further rejecting assertion that depended on a bus-operating certificate in appellant's possession and was not raised in the state-court proceeding); *Royal Ins. Co. of Am.*, 960 F.2d at 1292-93 (not specifying the alleged defect in subject matter jurisdiction underlying the first action); *Repub. Supply Co. v. Shoaf*, 815 F.2d 1046, 1051-52 (5th Cir. 1987) (addressing whether the bankruptcy court was prohibited from releasing a third-party guarantee, such that the court lacked jurisdiction to release such a guarantee in the confirmed chapter 11 plan); *Picco*, 900 F.2d at 850 (analyzing whether the automatic stay in bankruptcy "divest[s] all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding").

11

rule" by a litigant who had the opportunity to raise the jurisdictional question but failed to do so. *See id.*, cmt. d; *see also, e.g.*, 18A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4428 (3d ed. 2022) ("[A] lack of jurisdiction that was both plain and a matter of legal rule presents the most serious threat to jurisdictional values. Plain legal error also suggests that the judgment should not warrant confident repose or reliance. Such a judgment is more easily denied effect than a judgment that may be challenged for a less clear error or for mistaken resolution of facts that bear on jurisdiction.").

The Court therefore concludes that res judicata does not bar a second suit if the jurisdictional defect underlying the prior judgment renders it fundamentally infirm, *see Brumfield*, 806 F.3d at 303, and "obviously" so, *see Mitchell Law Firm, L.P.*, 8 F.4th at 420, such that it reflects either a "clear usurpation of power or total want of jurisdiction," *Callon Petroleum*, 351 F.3d at 208 (internal quotation marks omitted). Merely erroneous jurisdictional rulings would not fit within this exception. *See Chicot Cnty. Drainage Dist.*, 308 U.S. at 378. Nor would jurisdictional disputes that were actually litigated and resolved. *Ins. Corp. of Ireland*, 456 U.S. at 706.

Under this framework, the 2019 Order was not rendered by a court of competent jurisdiction, and such, has no res judicata effect. Binding authority holds that the court's jurisdiction had automatically terminated two days earlier—by operation of law—upon the filing of the parties' Rule 41(a)(1)(A)(ii)

stipulation of dismissal.³  *See Def. Distributed*, 947 F.3d at 873; *Meinecke*, 66 F.3d at 82; Dkt. 13-1.  There was a "total want of jurisdiction" when the court proceeded to enter the 2019 Order that transformed the parties' self-executing dismissal without prejudice into a dismissal on the merits.  Giving the 2019 Order preclusive effect would endorse a "usurpation of power," *Callon Petroleum*, 351 F.3d at 208, albeit an inadvertent one, that violates important rules governing the disposition of federal cases.

In sum, the 2019 Order was fundamentally infirm, *Brumfield*, 806 F.2d at 301, going "plainly beyond the court's jurisdiction," Restatement (Second) of Judgments § 12(1), and was void on its face, *see Meinecke*, 66 F.3d at 82.  In res judicata terms, it was not entered by a court with competent jurisdiction.  And once the 2019 Order is properly disregarded as a nullity, there also was no effective order resolving the merits of the prior suit, which further defeats Defendants' res judicata defense.  The proper result is to deny Defendants' motions to dismiss.

---

³ For clarity, the court does retain limited jurisdiction to address ancillary matters, like attorneys' fees. *See Automation Support, Inc. v. Humble Design, L.L.C.*, 982 F.3d 392, 397 n.2 (5th Cir. 2020).  But it certainly cannot proceed beyond a self-executing dismissal to enter orders on the merits.  *See Meinecke*, 66 F.3d at 82 (holding a summary-judgment order entered after a Rule 41(a)(1)(ii) dismissal was void).

## Recommendation

For the foregoing reasons, is **RECOMMEDED** that the Court **DENY** the motion to dismiss filed by Defendants Nola Poboys, Texas LLC, Christopher Talley, and Jennifer Talley (Dkt. 12) and also **DENY** the motion to dismiss filed by Defendant Murray Tate (Dkt. 19).

The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on February 2, 2022, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge